UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ERIC HOUSTON | ) | |
| | ) | |
| v. | ) | No.  1:14-cv-18 |
| | ) | *Judge Curtis L. Collier* |
| JEFF THOMAS, WARDEN | ) | |

**MEMORANDUM**

Eric Houston ("Houston") previously filed an indecipherable, nonsensical unsigned pleading wherein he referenced a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 but also seemingly complained about his conditions of confinement (Court File No. 1). Because the Court was unable to determine whether Petitioner was attempting to file a § 2241 habeas petition or a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, the Court ordered Houston to identify the type of case he was attempting to file; legibly write or type, sign, and file the appropriate pleading; and pay the applicable fee or file all the proper documents to seek *in form pauperis* status.

Houston subsequently filed more indecipherable, nonsensical pleadings (Court File Nos. 3, 6, 7, 8). The Court then notified Houston it would construe the "First Amendment Petition" (Court File Nos. 3, at 6-9 and 5) as a motion filed under 28 U.S.C. § 2255 unless Houston expressly objected to the Court's intended construction within twenty (20) days from the date of the Order. In addition, among other things, the Court directed Houston to filed a legible § 2255 motion (Court File No. 9).

In addition, the Court notified Houston that if he failed to fully comply with this Order within the time required, the Court would dismiss the case without further notification for want of prosecution and failure to follow the Court's Order, and if the case was dismissed under these

circumstances, the case would not be reinstated to the district court's docket.

Although Houston has filed supplemental pleadings, they are virtually indecipherable and neither pleading is a § 2255 motion (Court File Nos. 15, 16).[1] Accordingly, this action will be **DISMISSED** *sua sponte*, for failure to prosecute and comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). In addition, the Clerk will be **DIRECTED** to term all motions and **CLOSE** the case (Court File Nos. 3, 4, 6, 11, 12).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Notably, Houston has previously filed three § 2255 motions attacking his federal conviction. *See* Civil Case Numbers 3:01-cv-519, 3:12-cv-322, and 3:13-cv-598.